IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 3:12-CR-054-L |
| | § | |
| JACQUES ROY, M.D.(1) | § | |
| CYNTHIA STIGER (2) | § | |
| WILBERT JAMES VEASEY, JR. (3) | § | |
| PATRICIA AKAMNONU, R.N. (5) | § | |
| TERI SIVILS (6) | § | |
| CHARITY ELEDA, R.N. (7) | § | |

**ORDER RESETTING TRIAL**

Before the court is Defendant Jacques Roy, M.D.'s Agreed Joint Motion for Continuance and Joint Agreed Motion to Extend Time to File Motions, both filed September 20, 2013. Defense counsel for all above-name defendants are in agreement with both motions, and the government is not opposed to the motions. Upon consideration of the motion and the applicable law, and in accordance with the findings set forth below, the court determines that the motion should be and is hereby **granted**.

Defendant Roy requests a continuance because at the time of the filing of both motions, defense counsel was still waiting on final budget approval from the Fifth Circuit regarding the funding of electronic discovery in this case. Due to the volume of electronic discovery, and the four to six weeks that the vendor will require to process, upload and provide access to the electronic discovery, counsel will need a substantial period of time to complete their review.

Order Resetting Trial – Page 1

Given the outstanding discovery matters and the massive amounts of electronic discovery that require review by defense counsel, the need for further investigation, trial preparation by all defense counsel, and the need to meet other obligations in both state and federal courts, all defense counsel join in this motion and request a continuance of the matter until June 2014. The government has no objection to a June 2014 reset of the trial. Additionally, defense counsel believe a June 2014 trial date should eliminate the need for future trial date extension requests by the parties. The court agrees with defense counsel that a continuance until June 2014, would be reasonable given the complexities of this case, the volume of discovery, the budgeting process, and the need for effective preparation.

In accordance with 18 U.S.C. § 3161(h)(8)(A) and (B)(iv), this court finds that the ends of justice served by granting this motion for continuance outweigh the best interest of the public and Defendants in a speedy trial. In this regard, this court has considered factors indicating that its failure to grant this motion would deny counsel for Defendants reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Therefore, any period of delay resulting from this court's granting the motion for continuance shall be excluded in computing the time within which the trial of this cause must commence under 18 U.S.C. § 3161.

Accordingly, the current trial setting of January 13, 2014, is hereby **vacated**, and this case is **reset** for trial on **June 23, 2014,** at **9:00 a.m.**

The following revised scheduling order is issued for all above-named defendants:

**Motion Deadline:**             March 28, 2014, at 4:00 p.m.

**Motion Response Deadline:**    April 11, 2014, at 4:00 p.m.

**Trial Setting**:               June 23, 2014, at 9:00 a.m.

All other portions of the court's original Criminal Trial Scheduling Order remain in effect.

**It is so ordered** this 27th day of September, 2013.

Sam A. Lindsay
United States District Judge