IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 3:12-CR-054-L |
| | § | |
| JACQUES ROY, M.D.(1) | § | |
| CYNTHIA STIGER (2) | § | |
| WILBERT JAMES VEASEY, JR. (3) | § | |
| PATRICIA AKAMNONU, R.N. (5) | § | |
| TERI SIVILS (6) | § | |
| CHARITY ELEDA, R.N. (7) | § | |

## <u>ORDER RESETTING TRIAL</u>

Before the court are Defendant Jacques Roy, M.D.'s Joint Motion for Continuance (doc. no. 404); Defendant Wilbert James Veasey's Motion for Extension of Time in Which to File Pretrial Motions (doc no. 430); Defendant Teri Sivils's Motion for Extension of Time in Which to File Pretrial Motions (doc. no. 419); Defendant Charity Eleda's Motion for Extension of Time in Which to File Pretrial Motions and Motion to Suppress (doc. no. 411), all filed September 12, 2014, and Government's Reply to Defendant's Joint Motion for Continuance, filed September 16, 2014. Upon consideration of the joint motion to continue, the government's reply, the applicable law, and for all the reasons stated in open court during the motion hearing held on September 25, 2014, the court determines that the Joint Motion for Continuance should be and is hereby **granted**. The court, having extended the trial date, **denies** all previously-mentioned motions requesting an extension of time to file pretrial motions.

Order Resetting Trial – Page 1

In accordance with 18 U.S.C. § 3161(h)(8)(A) and (B)(iv), this court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendants in a speedy trial.  In this regard, this court has considered factors indicating that its failure to continue this case would deny counsel for Defendants reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Therefore, any period of delay resulting from this court's granting a continuance shall be excluded in computing the time within which the trial of this cause must commence under 18 U.S.C. § 3161.

The current trial setting of January 5, 2015, is hereby **vacated**, and this case is **reset** for trial on **Monday, June 15, 2015,** at **9:00 a.m.** *The court will set a pretrial conference in this case for a date in May.  Once that date is determined, the court will notify all parties.*

The following revised scheduling order is issued for all above-named Defendants:

**Motion Deadline:**                        **March 2, 2015, at 4:00 p.m.**

**Motion Response Deadline:**          **March 16, 2015, at 4:00 p.m.**

**Trial Setting:**                              **June 15, 2015, at 9:00 a.m.**

**The court's response to motion deadline is March 16, 2015, assuming the motion is filed on the March 2, 2015, deadline; otherwise, it should be filed in accordance with the court's Local Rules of Criminal Procedure.**

<u>Application of Rules</u>

1.      The parties shall comply with the Federal Rules of Criminal Procedure and the local criminal rules of this court.  If the court, by order entered in this case, has modified the application of a Federal Rule of Criminal Procedure or a local criminal rule, the court's order governs.

Order Resetting Trial – Page 2

## Pretrial Motions and Plea Papers

2.      Pursuant to Fed. R. Crim. P. 12(c), all pretrial motions, notices, requests, and demands shall be filed no later than the motion deadline set forth above.  Motion practice is governed by LCrR 47.1 and 47.2.  The court will not conduct a hearing on a motion unless a hearing is required by law or by rule.

3.      Motions in limine must not be filed as a matter of course and, if filed, must be limited to matters that meet the following requirements:  (1) the matter cannot adequately be raised by trial objection without prejudice to the moving party *and* (2) the prejudice of mentioning the matter in the presence of the jury cannot be cured by an instruction from the court.  Motions in limine must include neither "standard" or "boilerplate" requests not tailored to a case-specific matter, nor issues presented in order to obtain substantive rulings that should have been requested in advance of trial by appropriate motion.  Motions in limine must be filed at least **14 days** before the trial setting unless counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of the motion deadline.  If that narrow requirement is met, a motion in limine may be filed after the motion deadline, but it must include as the first section of the motion a detailed explanation  of why counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of the motion deadline.

4.      Plea agreements and factual resumes must be submitted to the court by **12:00 p.m. on Wednesday before the criminal docket**.  If these documents are not submitted by this deadline, the case will not be on the court's docket.

5.      Counsel should be mindful that a last-minute trial cancellation inconveniences all the citizens who have come to serve as jurors and wastes taxpayer money.  To avoid such a cancellation, counsel should complete plea negotiations prior to the date scheduled for trial.  Additionally, counsel for the defendant **must** ensure that the defendant has appropriate court attire to wear on the day of trial.  If the defendant is incarcerated, defense counsel **must** ensure that appropriate court attire is either transported with the defendant from the prison facility or that such attire is made available to the defendant at the Marshals Service office shortly after the defendant arrives at the courthouse.

6.      ***Any person appearing in court must be properly attired.  It is counsel's duty to ensure that all persons appearing on behalf of or in connection with their client are appropriately attired and informed of this court rule.  The court does not permit T-shirts, shorts of any kind, flip-flops, halter or tank tops, jogging or exercise attire, or sagging pants or jeans to be worn in the courtroom by any person.  No person appearing in the courtroom, whether participant or spectator, may chew gum.  Persons in violation of these rules will not be permitted in the courtroom.***

<u>Trial Materials and Pretrial Disclosures</u>

7.      The parties must comply with LCrR 16.1(a) at least **21 days** before the trial setting.  The parties must comply with LCrR 16.1(b) at least **21 days** before the trial setting.

8.     Witness lists and exhibit lists must be prepared as separate documents.  Exhibit lists must contain a brief description (*e.g.*, lab report) of each exhibit, and must separately list each exhibit by the number that will be used at trial.  Witness lists must separately list each witness and must separately identify expert witnesses.

9.     Any exhibit that a party seeks to introduce must be properly marked, and copies of any such exhibit must be available to opposing counsel and the court.  The original shall be provided to the court reporter.  The court reporter will not mark exhibits for counsel, and the court will not permit the removal of attachments of one document to be used as exhibits during the course of a trial and other proceeding.  If this procedure is not followed, the document will not be admitted into evidence.

10.    Counsel must submit proposed voir dire questions, if any, at least **21 days** before the trial setting.  The court will conduct the principal voir dire.  Unless counsel are otherwise notified, the court will permit one attorney per side to ask follow-up questions (a time limit of twenty minutes is usually imposed).

11.    Counsel must submit requested jury instructions, in accordance with LCrR 30.1, at least **21 days** before the trial setting.

<u>Presentation of Evidence</u>

12.    Unless leave of court is obtained, the court will limit the examination of each witness to direct examination, cross-examination, redirect examination, and recross-examination.  In cases where the court deems it appropriate, the court will impose time limits on the presentation of evidence.

13.     The court permits the use of summary witnesses to summarize voluminous writings, recordings, or photographs, as permitted by Fed. R. Evid. 1006.  Except in extraordinary cases—such as those that are unusually complex or lengthy—the court does not permit witnesses to summarize non-documentary evidence or to summarize the evidence that a party contends relates to particular counts charged in the indictment or to its theories of the case.

Trial Schedule and Conduct of Counsel

14.     The court's normal working hours during trial are **9:00 a.m. to 6:00 p.m., Monday through Friday**. The court , however, usually reserves Monday afternoons for its biweekly criminal docket.

15.     The conduct of counsel at trial is governed by LCrR 57.4.  Unless counsel are already familiar with the content of this rule, they must read it prior to commencement of the trial.

**It is so ordered** this 26th day of September, 2014.

Sam A. Lindsay
United States District Judge