IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

JACQUES ROY, M.D. (1)
CYNTHIA STIGER (2)
WILBERT JAMES VEASEY, JR. (3)
CHARITY ELEDA, R.N. (7)

CRIMINAL NO.   3:12-CR-54-L

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through the undersigned attorneys, hereby submits these Proposed Jury Instructions.  All instructions are from the Fifth Circuit Pattern Jury Instructions, (Criminal Cases, 2015), unless otherwise noted.  The government respectfully requests that it be granted leave to modify these instructions or propose additional instructions as may be necessary prior to or during trial.

Respectfully submitted,

JOHN R. PARKER
United States Attorney


 /s/ P.J. Meitl
P.J. MEITL
Assistant United States Attorney
NICOLE DANA
Special Assistant United States Attorney
CHAD MEACHAM
Criminal Chief
1100 Commerce, Suite 300
Dallas, Texas    75242

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2015, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system will send a Notice of Electronic Filing to the attorneys of record who has consented in writing to accept this Notice as service of this document by electronic means.

/s/ P.J. Meitl
P.J. MEITL
Assistant United States Attorney

**Government's Proposed Jury Instructions - Page  2**

## Government's Proposed Jury Instruction No. 1
### § 1.01 – Preliminary Instructions

Members of the jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

***Duty of the jury:***

It will be your duty to find from the evidence what the facts are.   You and you alone will be the judges of the facts.   You will then have to apply to those facts the law as the court will give it to you.   You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

***Evidence:***

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you.   I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the

**Government's Proposed Jury Instructions - Page  3**

objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.  Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.  Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.   Direct evidence is direct proof of a fact, such as testimony of an eyewitness.   Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.   I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.   I will give you some guidelines for determining the credibility of witnesses at the end of the case.

***Rules for criminal cases:***

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First: the defendant is presumed innocent until proven guilty.   The superseding indictment brought by the government against the defendant is only an accusation, nothing more.   It is not proof of guilt or anything else.   The defendants therefore start out with a clean slate.

Second: the burden of proof is on the government until the very end of the case. Each defendant has no burden to prove his or her innocence, or to present any evidence, or to testify.   Since the defendants have the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendants may not have testified.

Third: the government must prove the defendant's guilt beyond a reasonable doubt.   I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

### *Summary of applicable law:*

In this case the defendants are charged with conspiracy to commit health care fraud and health care fraud itself.   In addition, defendant Charity Eleda is charged with making false statements for use in determining rights for benefits and payments by Medicare.   Finally, defendant Jacques Roy is charged with making false statements relating to health care matters and obstruction of justice.   I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.[1]

---

1      To the extent the *Fifth Circuit Pattern Jury Instructions* (2015) recommend a more detailed discussion of the essential elements of these offenses, the government believes this explanation of the offenses is sufficient.

**Government's Proposed Jury Instructions - Page  5**

***Conduct of the jury:***

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all.   You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse.   It is best that you remain in the jury room during breaks in the trial and do not linger in the hall.   In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work.   Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.   Otherwise, without realizing it, you may start forming opinions before the trial is over.   It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.   This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals involved in the case.   In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic

tools to obtain information about this case or to help you decide the case.   Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology.   You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case.   This includes your family and friends.   You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube.   You may not use any similar technology or social media, even if I have not specifically mentioned it here.   I expect you will inform me as soon as you become aware of another juror's violation of these instructions.   A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

*[Insert Instruction No. 1.02, Note-Taking By Jurors, here – see below.]*

**Course of the trial:**

I will now give you a roadmap to help you follow what will happen over the entire course of this trial.   First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted.   Next, the attorney for each defendant may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

**Government's Proposed Jury Instructions - Page  7**

The government will then present its witnesses, and counsel for the defendants may cross-examine them.  Following the government's case, the defendants may, if each of them wishes, present witnesses whom the government may cross-examine.  If the defendants decide to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

**Government's Proposed Jury Instruction No. 2**
**§ 1.02 – Note-Taking by Jurors**

If you would like to take notes during the trial, you may do so.   On the other hand, you are not required to take notes if you prefer not to do so.   Each of you should make your own decision about this.

If you decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings.   Your notes should be used only as memory aids.   You should not give your notes precedence over your independent recollection of the evidence.   If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.   Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

**Government's Proposed Jury Instruction No. 3**
**§ 1.03 – Introduction to Final Instructions**

Members of the Jury:

In any jury trial there are, in effect, two judges.   I am one of the judges, the other is the jury.   It is my duty to preside over the trial and to decide what evidence is proper for your consideration.   It is also my duty, at the end of the trial, to explain the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.   Next, I will give you some specific rules of law about this particular case, and, finally, I will explain the procedures you should follow in your deliberations.

**<u>Government's Proposed Jury Instruction No. 4</u>**
**§ 1.04 – Duty to Follow Instructions**

You, as jurors, are the judges of the facts.  But in determining what actually happened, that is, in reaching your decision as to the facts, it is your sworn duty to follow all the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be.   It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.   That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

<u>**Government's Proposed Jury Instruction No. 5**</u>
**§ 1.05 – Presumption of Innocence, Burden of Proof, Reasonable Doubt**

The superseding indictment, or formal charge against the defendants, is not evidence of guilt.   Indeed, the defendants are presumed by the law to be innocent.   The defendants begin with a clean slate.   The law does not require the defendants to prove their innocence or produce any evidence at all [and no inference whatever may be drawn from the election of any of the defendants not to testify.]

The government has the burden of proving the defendants guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendants.   While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendants' guilt be proved beyond all possible doubt.   It is only required that the government's proof exclude any "reasonable doubt" concerning the defendants' guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.   Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important decisions of your own affairs.

**Government's Proposed Jury Instruction No. 6**
**§ 1.06 – Evidence – Excluding What Is Not Evidence**

As I told you earlier, it is your duty to determine the facts.   To do so, you must consider only the evidence presented during the trial.   Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits.   The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.   In the final analysis, however, it is your own recollection and interpretation of the evidence that controls the case.   What the lawyers say is not binding upon you.

During the trial, I sustained objections to certain questions and exhibits.   You must disregard those questions and exhibits entirely.   Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.   Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence.   Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.   Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during trial that I have any opinion concerning any of the issues in this case.   Except for the instructions to you

on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## Government's Proposed Jury Instruction No. 7
### § 1.07 – Evidence – Inferences – Direct and Circumstantial

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.   In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether the evidence is "direct evidence" or "circumstantial evidence."   You should consider and weigh all the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.   "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence.   But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendants beyond a reasonable doubt before you can find each one of them guilty.

**Government's Proposed Jury Instruction No. 8**
**§ 1.08 – Credibility of Witnesses**

I remind you that it is your job to decide whether the government has proved the guilt of each of the defendants beyond a reasonable doubt.   In doing so, you must consider all of the evidence.   This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.   An important part of your job will be making judgments about the testimony of the witnesses [including the defendants] who testified in this case.   You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.   In making that decision I suggest that you ask yourself a few questions:   Did the witness impress you as honest?   Did the witness have any particular reason not to tell the truth?   Did the witness have a personal interest in the outcome of the case?   Did the witness have any relationship with either the government or the defense?   Did the witness seem to have a good memory?   Did the witness clearly see or hear the things about which he or she testified?   Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?   Did the witness's testimony differ from the testimony of other witnesses?   These are a few of the considerations that will help you determine the accuracy of what each witness said.

**Government's Proposed Charge – Page 16**

[The testimony of the defendants should be weighed and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.   In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.   Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.   You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Government's Proposed Jury Instruction No. 9**
**§ 1.09 – Character Evidence**

Where a defendant has offered evidence of good general reputation for [opinion testimony concerning]: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

## Government's Proposed Jury Instruction No. 10
### § 1.15 – Accomplice – Co-Defendant – Plea Agreement

In this case the government called as one of its witnesses an alleged accomplice, named as a co-conspirator in the superseding indictment, with whom the government has entered into a plea agreement.   This agreement may provide for the dismissal of some charges or a recommendation for a favorable sentence.   Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying.   On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty.   You should keep in mind that such testimony is always to be received with caution and weighed with great care.   You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

**Government's Proposed Charge – Page 19**

## **Government's Proposed Jury Instruction No. 11**
### **§ 1.18 – On or About**

You will note that the indictment charges that the offense was committed on or about a specified date.   The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendants committed the crimes on a date reasonably near the dates stated in the superseding indictment.

**<u>Government's Proposed Jury Instruction No. 12</u>**
**§ 1.18A – Venue – Conspiracy**

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Northern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendants never set foot in the district.   An overt act is an act performed to effect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself.   Though the overt act need not be of a criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence.   This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Northern District of Texas.   All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that the cities of Dallas, Grand Prairie, and Rowlett are all located in the Northern District of Texas.

## **Government's Proposed Jury Instruction No. 13**
### **§ 1.19 – Caution-Consider Only Crime Charged**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crimes charged.   The defendant is not on trial for any act, conduct, or offense not alleged in the superseding indictment.   Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**Government's Proposed Jury Instruction No. 14**
**§ 1.20 – Caution-Punishment**

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

**Government's Proposed Jury Instruction No. 15**
**§ 1.23 – Multiple Defendants – Multiple Counts**

A separate crime is charged against one or more of the defendants in each count of the superseding indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually.   The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

<u>**Government's Proposed Jury Instruction No. 16**</u>
**§ 1.29 – Identification Testimony**

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of each defendant as the perpetrator of the alleged offenses.

In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified.   You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendants were presented to the witnesses for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of any defendant as the perpetrator of the offense charged, you must find that defendant not guilty.

**Government's Proposed Charge – Page 25**

**Government's Proposed Jury Instruction No. 17**
**§ 1.30 – Similar Acts**

You have heard evidence of acts of the defendant which may be similar to those charged in the superseding indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the superseding indictment.   However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the superseding indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the superseding indictment;

or

whether the defendant had a motive or the opportunity to commit the acts charged in the superseding indictment;

or

whether the defendant acted according to a plan or in preparation for commission of a crime;

or

**Government's Proposed Charge – Page 26**

whether the defendant committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

**Government's Proposed Jury Instruction No. 18**
**§ 1.43 – Summaries and Charts Not Received in Evidence**

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

**<ins>Government's Proposed Jury Instruction No. 19</ins>**
**§ 1.44 – Summaries and Charts Received in Evidence**

Certain charts and summaries have been received into evidence. You should give them only such weight as you think they deserve.

**Government's Proposed Jury Instruction No. 20**
**Count One: Conspiracy to Commit Health Care Fraud**
**(Violation of 18 U.S.C. § 1349)**

Count one of the superseding indictment charges the defendants Jacques Roy, Cynthia Stiger, Wilbert James Veasey, Jr., and Charity Eleda with violating Title 18, United States Code, Section 1349, which makes it a crime for anyone to conspire with someone else to commit certain crimes, including the crime of health care fraud.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of health care fraud, as charged in the superseding indictment;

*Second*: That the defendant knew of the unlawful purpose of the agreement; and

*Third*: That the defendant joined in it willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and willfully joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy, even though the defendant had not participated before and even though the defendant played only a minor part.

**Government's Proposed Charge – Page 30**

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.   Similarly, the government need not prove that all of the details of the scheme alleged in the superseding indictment were actually agreed upon or carried out.   Nor must the government prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.   Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.[2]

As noted already, the object of the conspiracy charged in count one is health care fraud, which is a violation of Title 18, United States Code, Section 1347.[3]   I will provide

---

[2]      Adapted from Fifth Circuit Pattern Jury Instructions (Criminal Cases) (2015) § 2.15A (Conspiracy to Commit Offense); *United States v. Njoku*, 737 F.3d 55, 68 (5th Cir. 2013) ("Section 371 requires proof of an overt act, which Section 1349 does not."); *see also id*. at 63 (setting forth elements); *United States v. Grant*, 683 F.3d 639, 643 (5th Cir. 2012) (same).   *But see United States v. Imo*, 739 F.3d 226, 235 (5th Cir. 2014) (requiring a lesser standard of proof); *United States v. Delgado*, 668 F.3d 219, 226 (5th Cir. 2012) (same).

[3]      Adapted from *United States v. Adenuga, et al.*, 3:12-CR-313-P (N.D. Tex. Jan. 21, 2014) (DE #135 at 12-13).

**Government's Proposed Charge – Page 31**

you with instructions concerning Section 1347 in a moment, in connection with counts two through eleven of the superseding indictment.

**Government's Proposed Jury Instruction No. 21**
**Counts Two through Eleven: Health Care Fraud**
**(Violations of 18 U.S.C. §§ 1347 and 2)**

Counts two through eleven of the superseding indictment charge the defendants Jacques Roy, Wilbert James Veasey, Jr., Patricia Akamnonu, and Charity Eleda with violating Title 18, United States Code, Section 1347, which makes it a crime for anyone to commit health care fraud.   Counts two through four charge defendants Jacques Roy and Wilbert James Veasey with these crimes.   Counts five through seven charge defendants Jacques Roy and Patricia Akamnonu with these crimes.   Counts eight through eleven charge defendants Jacques Roy and Charity Eleda with these crimes.

Section 1347 makes it a crime for anyone to knowingly and willfully execute, or attempt to execute, a scheme or artifice (a) to defraud a health care benefit program or (b) to obtain, by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:[4]

> *First*:    That the defendant executed, or attempted to execute, a scheme or
> artifice to defraud a health care benefit program or to obtain, by means

---

[4]    *See United States v. Smith*, 2011 WL 2584241, at *2 (5th Cir. June 30, 2011) (describing "the 'essential elements' required to prove health care fraud"); *United States v. Hickman*, 331 F.3d 439, 444 (5th Cir. 2003) (holding that the omission of the third element did not constitute plain error).

of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program;

*Second*: That the defendant acted knowingly and willfully in executing, or attempting to execute, the scheme or artifice; and

*Third*: That the scheme or artifice was in connection with the delivery of or payment for health care benefits, items, or services.

A "scheme or artifice" is merely a plan for the accomplishment of any objective.[5]

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property.[6]

A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.[7]

It is not necessary that the government prove all of the details alleged in the superseding indictment concerning the precise nature of the alleged scheme, or that the alleged scheme actually succeeded.   What must be proven beyond a reasonable doubt is that the accused knowingly executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the superseding indictment.[8]

---

[5]     *United States v. Leitner*, 2008 WL 576535 (N.D. Tex. Jan. 28, 2008).

[6]     Adapted from *Fifth Circuit Pattern Jury Instructions (Criminal Cases)* (2015) §§ 2.56 (Mail Fraud), 2.58A (Bank Fraud).

[7]     *Fifth Circuit Pattern Jury Instructions (Criminal Cases)* (2015) § 2.58A (Bank Fraud).

[8]     *Fifth Circuit Pattern Jury Instructions* (Criminal Cases) (2015) § 2.58A (Bank Fraud).

Each separate claim submitted in furtherance of a scheme to defraud constitutes a separate offense.[9]

---

[9]     *See United States v. Hickman*, 331 F.3d 439, 446 (5th Cir. 2003).

**Government's Proposed Charge – Page 35**

## Government's Proposed Jury Instruction No. 22
### § 1.25 – Unanimity of Theory

You have been [will be] instructed that your verdict, whether it is guilty or not guilty, must be unanimous.   The following instruction applies to the unanimity requirement as to counts two through eleven of the superseding indictment.

As you will note, counts two through eleven accuse the defendants of committing the crime of health care fraud in two different ways.

The first is that the defendants knowingly and willfully executed, or attempted to execute, a scheme or artifice to defraud a health care benefit program.

The second is that the defendants knowingly and willfully executed, or attempted to execute, a scheme or artifice to obtain, by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program.

The government does not have to prove both of these for you to return a guilty verdict on this charge.   Proof beyond a reasonable doubt on one is enough.   But in order to return a guilty verdict, all of you must agree that the same one has been proved, or that both have been proved.[10]

---

[10]   *See, e.g., United States v. Gil*, 1:10-cr-20766-MGC (S.D. Fla. 2011) (DE #170 at 18); *United States v. Seddens*, 2005 WL 5727590 (E.D. Tex. June 22, 2005).

## Government's Proposed Jury Instruction No. 23
**Counts Twelve through Fourteen: False Statements for Use in Determining Rights for Benefits and Payments by Medicare
(Violations of 42 U.S.C. § 1320a-7b(a)(2))**

Counts twelve through fourteen of the superseding indictment charge the defendant Charity Eleda with violating Title 42, United States Code, Section 1320a-7b(a)(2), which makes it a crime for anyone to knowingly and willfully make a false statement for use in determining rights or benefits and payments under a federal health care program..

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt: [11]

*First*:   That the defendant knowingly and willfully made a false statement of a material fact; and

*Second*:   That the statement was used in determining rights to any benefit or payment under a federal health care program.[12]

You are instructed that Medicare and Medicaid are both considered federal health care programs for purposes of this statute.

A false statement is "material" if it has the natural tendency to influence or is capable of influencing the institution to which it is addressed.

---

[11]   *See United States v. Patel*, 2015 WL 527549 (7th Cir. Feb. 10, 2015).

[12]   *See* jury instructions from *United States v. Ezinne Ubani et al.*, Case No. 4:10-cr-416 (SDTX) (Dkt. Nos. 375).

**Government's Proposed Charge – Page 37**

**<u>Government's Proposed Jury Instruction No. 24</u>**
**Counts Fifteen and Sixteen: False Statements Relating to Health Care Matters**
**Violations of 18 U.S.C. §§ 1035(a)(2) and 2**

Counts fifteen and sixteen of the superseding indictment charge the defendant Jacques Roy with violating Title 18, United States Code, Section 1035(a)(2), which makes it a crime for anyone to make a false statement relating to health care matters.

For you to find the defendant Jacques Roy guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:[13]

| | |
|---|---|
| *First:* | That the defendant made a false, fictitious, or fraudulent statement or representation; |
| *Second:* | That the statement or representation was made in connection with the delivery of or payment for health care benefits, items, or services; |
| *Third:* | That the statement or representation was made in any matter involving a health care benefit program; |
| *Fourth:* | That the statement or representation was material to the health care benefit program; and |
| *Fifth:* | That the statement or representation was made knowingly and willfully. |

---

[13]     *United States v. Natale*, 719 F.3d 719, 742 (7th Cir. 2013) (identifying the proof required for conviction under 18 U.S.C. § 1035(a)(2)); *see also United States v. Hunt*, 521 F.3d 636, 647-48 (6th Cir. 2008) (reciting requirements for § 1035 conviction, but omitting materiality).

**Government's Proposed Charge – Page 38**

**<u>Government's Proposed Jury Instruction No. 25</u>**
**Count Seventeen – Obstruction of Justice**
**(Violation of 18 U.S.C. § 1505)**

Count seventeen of the superseding indictment charges the defendant Jacques Roy with violating Title 18, United States Code, Section 1505, which makes it a crime for anyone to make a false statement relating to health care matters.

For you to find the defendant Jacques Roy guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:[14]

| | | |
|---|---|---|
| *First*: | That there was an agency proceeding; | |
| *Second*: | The defendant was aware of that agency proceeding; and | |
| *Third*: | The defendant intentionally endeavored corruptly to influence, obstruct or impede that proceeding. | |

You are instructed that an investigation by the Centers for Medicare and Medicaid Services ("CMS") constitutes an agency proceeding.[15]

---

[14]    *See United States v. Bhagat*, 436 F.3d 1140, 1147 (9th Cir. 2006); *see also United States v. Quattrone*, 441 F.3d 153, 174 (2d Cir. 2006) (upholding conviction under § 1505 because defendant satisfied these three elements).

[15]    *See United States v. Leo*, 941 F.2d 181, 198 (3rd Cir. 1991) (finding that what constitutes an agency proceeding is a matter of law, not fact); *see also United States v. North*, 910 F.2d 843, 894 n.29 (D.C. Cir. 1990); *United States v. Fruchtman*, 421 F.2d 1019, 1021 (6th Cir. 1970).

## Government's Proposed Jury Instruction No. 26
### § 2.04 – Aiding and Abetting (Agency)

With respect to counts two through eleven of the superseding indictment, the guilt of a defendant may be established without proof that the defendant personally did every act constituting the offense alleged.   The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was

committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*    That the offense alleged in each of counts two through eleven was committed by some person;

*Second:*    That the defendant associated with the criminal venture;

*Third:*    That the defendant purposefully participated in the criminal venture; and

*Fourth:*    That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

## Government's Proposed Jury Instruction No. 27
### § 1.37 – "Knowingly" – to Act

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## Government's Proposed Jury Instruction No. 28
### § 1.37A – Deliberate Ignorance

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.[16]

---

[16]     *See United States v. Nguyen*, 493 F.3d 613, 619 (5th Cir. 2007) ("[A] deliberate ignorance instruction is justified where 'the evidence shows (1) subjective awareness of a high probability of the existence of illegal conduct and (2) purposeful contrivance to avoid learning of the illegal conduct.'"); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070-71 (2011); *see, e.g., United States v. Delgado*, 668 F.3d 219, 228 (5th Cir. 2012) (approving of deliberate ignorance instruction in health care fraud case); *United States v. Ogba*, 526 F.3d 214, 230-32 (5th Cir. 2008) (same).

**Government's Proposed Charge – Page 43**

## Government's Proposed Jury Instruction No. 29
### "False" or "Fictitious" Statements or Representations

The term "false" and "fictitious" statement or representation has been used from time to time in these instructions. A statement or representation is "false" or "fictitious" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A statement or representation would also be "false" or "fictitious" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.[17]

---

[17]   Adapted from *Fifth Circuit Pattern Jury Instructions (Criminal Cases)* (2015) §§ 2.56 (Mail Fraud), 2.57 (Wire Fraud), 2.58A (Bank Fraud).

**Government's Proposed Charge – Page 44**

## Government's Proposed Jury Instruction No. 30
## Materiality

The term "material" has been used from time to time in these instructions. A statement or representation is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.[18] Thus, as the term is used with respect to counts two through sixteen of the superseding indictment, a statement or representation is "material" to a health care benefit program if the statement or representation has a natural tendency to influence, or is capable of influencing, a decision of the health care benefit program.[19]  It is not necessary for the government to show, however, that the health care benefit program was in fact misled.[20]

---

[18]     Adapted from *Fifth Circuit Pattern Jury Instructions (Criminal Cases)* (2015) §§ 2.56 (Mail Fraud), 2.57 (Wire Fraud), 2.58A (Bank Fraud); *see also Neder v. United States*, 521 U.S. 1, 16 (1999); *United States v. Gaudin*, 515 U.S. 506, 509 (1995); *Kungys v. United States*, 485 U.S. 759, 770 (1988).

[19]     *United States v. Natale*, 719 F.3d 719, 737 (7th Cir. 2013) (stating that this "[a] proper instruction on the materiality element in § 1035").

[20]     *Fifth Circuit Pattern Jury Instructions (Criminal Cases)* (2015) § 2.45 (false statements to federal agencies and agents, in violation of 18 U.S.C. §§ 1001(a)(2) and (a)(3)); *United States v. Ajoku*, 718 F.3d 882, 889 (9th Cir. 2013) ("18 U.S.C. § 1035 is a false statement crime substantively identical to 18 U.S.C. § 1001"); *see also United States v. Russell*, 728 F.3d 23, 33 (1st Cir. 2013); *United States v. Sarihfard*, 155 F.3d 301, 307 (4th Cir. 1998).

## Government's Proposed Jury Instruction No. 31
### "Willfully" – to Act

The word "willfully," as that term has been used from time to time in these instructions, means that the defendant committed the act voluntarily and purposely, and with knowledge that his conduct was, in a general sense, unlawful. That is, the defendant must have acted with a bad purpose to disobey or disregard the law. The government need not prove that the defendant was aware of the specific provision of the law that he is charged with violating or any other specific provision.[21]

---

[21]     *Bryan v. United States*, 524 U.S. 184, 191-92, 194, 199 (1998) (labeling such an instruction a "correct statement" of the definition of "willfully" when, as a general matter, that term is used in the criminal context); *see also* 18 U.S.C. § 1347(b) ("With respect to violations of [§ 1347], a person need not have actual knowledge of [§ 1347] or specific intent to commit a violation of [§ 1347]."); *United States v. Imo*, 739 F.3d 226, 236 (5th Cir. 2014) (noting that to prove a violation of § 1347, "[t]he Government does not have to prove that the defendant had actual knowledge of or specifically intended to violate the applicable health care fraud statutes"); *United States v. Starnes*, 583 F.3d 196, 211 (3rd Cir. 2009) (describing *Bryan* as articulating the "intermediate level" of willfulness, and requiring that level of *mens rea* to prove a § 1001 violation); *Fifth Circuit Pattern Jury Instructions* (Criminal Cases) (2015) § 1.38 (reviewing "willfulness" cases, including *Bryan*, but not providing a pattern instruction defining that term).

## Government's Proposed Jury Instruction No. 32
### "Health Care Benefit Program"

The term "health care benefit program" has been used from time to time in these instructions.   The parties have stipulated that Medicare is a "health care benefit program," as that term is defined by federal law.   In other words, Medicare is a public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.[22]   The parties have also stipulated that Medicare affects commerce, and specifically interstate commerce. In other words, the parties have also stipulated that Medicare impacts the movement of money, goods, services, and persons from one state to another.[23]

---

[22]    18 U.S.C. § 24(b); see also 18 U.S.C. § 1035(b).

[23]    *See United States v. Natale*, 719 F.3d 719, 734 (7th Cir. 2013) ("No one disputes that Medicare qualifies as a health care benefit program."); *United States v. Redcorn*, 528 F.3d 727, 734 (10th Cir. 2008) (noting that Medicare and Medicaid are "unquestionably" health care benefit programs); *see, e.g., United States v. Ellis*, 2010 WL 8919192 (S.D. Tex. Dec. 13, 2010) ("I instruct you that the Medicare and Medicaid Programs are 'health care benefit programs,' as defined.")

**Government's Proposed Charge – Page 47**

## Government's Proposed Jury Instruction No. 33
### § 1.24 – Duty to Deliberate

To reach a verdict, whether it is guilty or not guilty, all of you must agree.   Your verdict must be unanimous on each count of the superseding indictment.   Your deliberations will be secret.   You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.   During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.   But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts.   Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the superseding indictment, either guilty or not guilty.   At the conclusion of your deliberations, the foreperson should date and sign the verdict.

**Government's Proposed Charge – Page 48**

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.   I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the superseding indictment, until after you have reached a unanimous verdict.

I want to advise you that although our court reporter has taken down all of the testimony, it is not done in such a way that we can read back or furnish testimony to you at your request. Only when you have a specific disagreement as to a particular witness's testimony on a specific subject can we attempt to obtain that information for you.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

JACQUES ROY, M.D. (1)
CYNTHIA STIGER (2)
WILBERT JAMES VEASEY, JR. (3)
CHARITY ELEDA, R.N. (7)

CRIMINAL NO.   3:12-CR-54-L

<u>VERDICT OF THE JURY</u>

We, the Jury, find Defendant, Jacques Roy:

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 1 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 2 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 3 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 4 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 5 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 6 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 7 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 8 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 9 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 10 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 11 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 15 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 16 of the Indictment: _____

**Government's Proposed Charge – Page 50**

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 17 of the Indictment: _____

We, the Jury, find Defendant, Cynthia Stiger:

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 1 of the Indictment: _____

We, the Jury, find Defendant, Wilbert James Veasey":

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 1 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 2 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 3 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 4 of the Indictment: _____

We, the Jury, find Defendant, Charity Eleda:

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 1 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 8 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 9 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 10 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 11 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 12 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 13 of the Indictment: _____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 14 of the Indictment: _____