IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL NO. 3:12-CR-54-L |
| v. | |
| JACQUES ROY, ET AL. | |

GOVERNMENT NOTICE OF NON-EXPERT TESTIMONY

The United States of America intends to elicit testimony at trial from Mark Porter and Lisa Garcia. This anticipated testimony is not expert in nature, pursuant to Federal Rules of Evidence (FRE) 701 and 702, but the government gives this notice should any defendant wish to address this issue in a pre-trial motion.

The government intends to elicit testimony from these witnesses regarding the basics of the Medicare and Medicaid programs, the definition and requirements for Medicare home health care, the number of home health agencies operating in the Dallas area between 2004-2011, the general billing process under Medicare, and the process by which a patient is referred for Medicare home health care. These witnesses have not reviewed the evidence in this case and will not be prepared to testify about the allegations or evidence supporting the allegations.[1] Instead, the government anticipates their testimony will provide the jury with the necessary background regarding the relevant government programs at issue in the trial.

---

[1] Ms. Garcia may have reviewed certain beneficiary files in 2010 that were related to this case as part of her duties but she does not recall any specific names or facts from this review. Since she was identified as a potential witness in this case, Ms. Garcia has not reviewed any evidence in this case.

**Government Notice of Non-Expert Testimony – Page 1 of 6**

**Background on Mark Porter**

Mr. Porter is a Health Insurance Specialist and works for the Centers for Medicare and Medicaid Services ("CMS") – the government agency responsible for administering Medicare. He has numerous duties, including serving as the lead employee for policy regarding home health and hospice care. In effect, when an individual (i.e. a practitioner, an administrator, or government official) has a question about Medicare home health, Mr. Porter is the ultimate authority in Dallas for CMS. He regularly communicates with Medicare beneficiaries, members of the public, Congressional offices, and health care providers regarding polices and regulations. He is well versed in Medicare policies and regulation, particularly those concerning home health care and durable medical equipment. Mr. Porter has been in his current position since June 2010 and previously worked for Palmetto GBA, a key contractor for Medicare, where he performed audits and investigations into applicants and suppliers. Prior to working for Palmetto, Mr. Porter held a similar position to his current post at CMS between May 1995 through September 2002. He first began working at CMS in September 1992. Mr. Porter has a Bachelor of Arts in Criminal Justice from Stephen F. Austin State University. Mr. Porter's CV has been produced to the defense.

**Background on Lisa Garcia**

Ms. Garcia is a Registered Nurse and a Nurse Investigator for Health Integrity, LLC, which serves as a Medicare contractor, that detects fraud, waste, and abuse in the Medicare program. Ms. Garcia has served as a nurse since 1996, first as a Licensed Vocational Nurse from 1996 to 2005, and then as a Registered Nurse from 2005 to the

present.  Ms. Garcia has worked in emergency rooms, intensive care units, and as a field nurse.  She has also worked in the home health industry as a Licensed Vocational Nurse and a Registered Nurse, Case Manager, and Branch Manager, and saw patients on a daily basis in their homes.  In her current position at Health Integrity, Ms. Garcia reviews home health medical records, interviews beneficiaries, providers, and physicians, and evaluates billing and practices related to the provision of home health care.  Ms. Garcia has working knowledge of the Medicare Benefits Policy Manual, the Medicare Claims Processing Manual, the Medicare Program Integrity Manual, and the Code of Federal Regulations as they relate to home health compliance guidelines.  Ms. Garcia's CV has been produced to the defense.[2]

### Anticipated Testimony Will Not Be Expert in Nature

While Mr. Porter and Ms. Garcia may be viewed as experts in their respective fields, given their vast experience, much like anyone who has performed a job for a considerable period of time, the government does not believe that that the anticipated testimony (as described above) can be construed as expert testimony under the Federal Rule of Evidence.

---

[2] This information is being provided to the defense in an abundance of caution. Even if the anticipated testimony of Mr. Porter and Ms. Garcia was somehow deemed to be expert in nature (which the government does not believe it to be), the defense would not be at any disadvantage, as they been given the same notice as they would were it deemed expert testimony. *See* Federal Rule of Criminal Procedure 16(a)(1)(G) (requiring a written summary of any testimony that the government intends to use under FRE 702, 703, or 705 if requested by the defense).  The government would be happy to provide the defense with additional details regarding the anticipated testimony if it is requested by the defense.

The anticipated testimony, given its limited scope, is not based on scientific, technical or other specialized knowledge, and will not be based on opinion. Instead, the testimony will relate to basic facts about the Medicare and Medicaid system and home health care, which is in the realm of a lay person if such lay person were directed to certain written materials or had the experience that these witnesses have.

The anticipated testimony does not involve any scientific principles or tests, and does not require medical training. The anticipated testimony will not address medical need or the care provided by any of the defendants or other practitioners relevant to this case. In fact, because these witnesses have not reviewed the medical files in this case, even if they were qualified to offer such an opinion, they will be unprepared to do so.

### This Approach is Consistent With Other Health Care Fraud Cases

The use of and notice of non-expert program witnesses is common in healthcare fraud cases and has been an accepted manner in which to educate the jury about basics regarding the programs at issues in a given case.

In a case from this District, *United States v. Adenuga, et al.*, 3:12-CR-313, the government designated two program witnesses – one from Health Integrity, LLC and one from the Texas Medicaid Healthcare Partnership – prior to trial (Dkt. No. 100), and Judge Solis allowed their testimony at trial as non-expert witnesses.

Similarly, in another case from this District, *United States v. St. John, et al.*, 3:12-CR-310, the government designated a single program witness – from Health Integrity, LLC – prior to trial (Dkt. No. 85), and Judge Godbey allowed his testimony at trial as a non-expert witness, despite objections from the defense (*See* Dkt. No. 85).

In a case from the Southern District of Texas, *United States v. Clifford Ubani, et al.*, 4:10-CR-416, the government notified the defense of its intent to use a fact witness whose testimony would relate to the administration of the Medicare home healthcare program.  (*See* Dkt. No. 235.)  This witness was Lisa Garcia – the very same witness identified above.  This testimony was not deemed expert in nature.  Notably, current lead counsel for Dr. Roy (Ali Fazel) served as defense counsel in the *Ubani* case for Clifford Ubani.  Government counsel is not aware of any objections to the nature (non-expert) of Ms. Garcia's testimony in that case.[3]

Government counsel is not aware of any decision by a Court of appeals rejecting the above described approach in a healthcare fraud setting.

Respectfully submitted,

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

**/s/  P.J. Meitl**
P.J. MEITL
Assistant United States Attorney
D.C. Bar No. 502391
Virginia Bar No. 73215
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8680
Facsimile: 214.659.8809
Email: philip.meitl@usdoj.gov

---

[3]  Government counsel is aware that Mr. Porter has testified in numerous cases and has been designated as an expert in some of those cases.  *See, e.g.*, *United States v. Sunny Robinson*, Criminal No. H-09-422-S, in the Southern District of Texas.  (*See* Dkt. No. 137.)  Government counsel is not aware of Ms. Garcia having been designated as an expert in any other federal criminal trial.

>*/s/ Nicole Dana*
>NICOLE DANA
>Special Assistant United States Attorney
>Texas State Bar No. 24062268
>1100 Commerce Street, Third Floor
>Dallas, Texas  75242-1699
>Telephone: 214.659.8694
>Facsimile: 214.659.8805
>Email: nicole.dana@usdoj.gov
>
>*/s/ Chad E. Meacham*
>CHAD E. MEACHAM
>Criminal Chief
>Texas State Bar No. 00784584
>1100 Commerce Street, Third Floor
>Dallas, Texas  75242-1699
>Telephone: 214.659.8716
>Facsimile: 214.767.4100
>Email:  chad.meacham@usdoj.gov

## CERTIFICATE OF SERVICE

On November 6, 2015, I electronically submitted the following document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Criminal Procedure 49(b).

>s/ *P.J. Meitl*
>P.J. Meitl
>Assistant United States Attorney