IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO.   3:12-CR-54-L |
| JACQUES ROY, ET AL. | |

GOVERNMENT'S MOTION FOR A STATUS HEARING
REGARDING DEFENSE DISCOVERY REQUESTS

The United States of America, by and through the undersigned, files this motion requesting that the Court set a status hearing in the above-referenced trial at the Court's earliest convenience.   The government requests this hearing in order to provide the Court with an update regarding its preparation for trial and request information regarding the defense's intention to proceed to trial as scheduled in January 2016.

FACTUAL BACKGROUND

On February 28, 2012, an Indictment was returned in this matter alleging that the defendants committed numerous violations of statutes related to Medicare and Medicaid programs.   (*See* Dkt No. 1.)   On September 6, 2012, a Superseding Indictment was returned added additional false statement charges and obstruction of justice charges against Dr. Roy only.   (*See* Dkt No. 131.)

Since September 6, 2012, the defendants have filed five motions requesting a continuance in this matter, citing both the complexity of the case generally, as well as ongoing discovery issues.   (*See* Dkt. No. 181 (agreed to by all parties); Dkt. No. 238

**Government's Motion Requesting for a Status Hearing - Page 1**

(agreed to by all parties); Dkt. No. 324 (agreed to by all defendants but opposed by the government); Dkt. No. 404 (agreed to by all defendants but opposed by the government); Dkt. No. 510 (agreed to by all defendants but opposed by the government).)

In September 2014, the defendants stated that electronic discovery had been made available to them in June 2014, and that all counsel had begun the task of reviewing that electronic discovery. (*See* Dkt No. 404, at page 3.) However, that review led the defendants to request additional discovery from third parties. *Id.* Ultimately, the defendants agreed that a 90 day continuance would be sufficient to complete trial preparation. *Id.* The Court ultimately granted the defendant's motion and set the trial for June 15, 2015.

In April 2015, just two months before the scheduled trial, another continuance was filed by the defendants, in which the defendants stated they had served a subpoena upon the Center for Medicare and Medicaid Services in January 2015, but had not received any response. (*See* Dkt. No. 510.) The motion for a continuance alleged that the information sought in the subpoena involved material not produced to the defense in discovery by the government, but which was critical to the defense of all of the defendants. (*See id*.) The government opposed the continuance and requested the opportunity to provide a response regarding the potential relevance of the materials sought by *ex parte* subpoena. (*See* Dkt No. 517.)

Ultimately, the Court granted the defendants' motion to continue, noting that the discovery "according to the defendants, is necessary and relevant for the defense of the

charges against them, which is why the court ordered the discovery to be provided."  (*See* Dkt No. 518 at page 1.)   The Court also noted that the defendants "could have been more aggressive and diligent in demanding the discovery," but that it could not deny the continuance on that basis.  (*Id.* at page 2.)   The defendants were ordered, however, "not to delay in seeking court assistance" if discovery was not timely provided.   (*Id.* at page 3.) The Court re-scheduled trial for January 25, 2016.

On November 6, 2015, under the assumption that trial would proceed as planned, the government filed its notice of non-expert designations and proposed jury instructions, as well as its required notice pursuant to Rule 404(b) of the Federal Rules of Criminal Procedure.  (*See* Dkt Nos. 587-589.)   The government also requested the defense's position on several motions in limine that it intended to (and did) file the following week and provided drafts of those motions to the defense on this date.   The defense responded that it would consider the government's request regarding the motions, but also stated that it had made additional *ex parte* requests for discovery under seal.   According to the defense, because those requests had not yet been complied with, the defense stated that they expected to file yet another motion to continue.   The government indicated its opposition and requested the opportunity to assist with any requests for additional discovery, but was informed that the requested material was not in the Department of Justice's possession and that disclosure of these requests would expose defense strategy and work product.

On Wednesday, November 11, 2015, the government filed several motions in

limine.   Some of these motions (Issue No. 4 and No. 6) seek to exclude certain evidence from the trial regarding other good acts of the defendants and evidence related to uncharged individuals or entities.   On November 13, 2015 – the motions deadline set by the Court – the defendants filed a single motion (filed by defendant Charity Eleda) which had largely been agreed to by the government and was thus, for the most part, moot.

On November 17, 2015, the defense informed the government that it intended to file a motion to continue in the next week or ten days.

<u>REQUEST</u>

The government seeks a status hearing to address the potential for yet another request for a continuance by the defense and to seek guidance from the Court regarding the failure by the defense to provide any discovery to the government.

The government has responded to all previously filed motions and filed a number of its own pretrial materials, notices, and motions, thereby effectively notifying the defense of the government's strategy and intentions and trial.   The defense has not done so.   If the case is continued yet again, the government will be at a disadvantage by having made this information known to the defense months before trial, while the defense has failed to produce even a single page of discovery or respond to other pre-trial issues and requests, such as whether the defense intends to call any experts.   To the extent the Court sets a discovery deadline for the defendants, issues related to the *ex parte* requests may become moot, as the need for continued secrecy of trial strategy would give way to the defense discovery obligations.

**Government's Motion Requesting for a Status Hearing - Page 4**

Further, the government believes that the prosecution team can better assist the defense in identifying, locating, and producing any materials that the defense seeks than whatever un-involved government employee or agency the requests are currently being sent to.   This is because the case agents are well-versed and trained in locating relevant records in this case, are incentivized to respond to these requests as quickly as possible, and can assist the defense in identifying what records exist and how they can be produced.

The government understands the defense's desire to shield it trial strategy from the prosecution team, but at some point, this right must be balanced against the government's interests (as discussed in the contemporaneously filed *ex parte* document), the need to bring this case to trial, and the defense's own discovery obligations.   *See United States v. Taylor*, 2015 U.S. Dist. LEXIS 136583 (S.D. Ala. Oct. 6, 2015) ("Taylor cannot hide behind generic allegations of 'trial strategy' to make secret document requests on the eve of trial, particularly where *ex parte* status might clash with his own reciprocal discovery obligations under Rule 16(b) and Criminal L.R. 16.13(b)(4), thus paving the way for trial by ambush.")   In addition, the right should be balanced against the materiality of the information being sought by the defense.

Further, it is entirely possible – based on the limited information that the government has regarding these requests – that the requests are relevant to the substance of some of the government's motions in limine, such as the government's request to preclude discussion of any "good acts" of the defendants or the activities and actions of other home health care agencies or physicians who were not charged as part of the scheme to defraud.

Accordingly, preventing the government from knowing what information is sought would not impact the defense's trial strategy, as it may have already anticipated that strategy.   Despite having made multiple requests for reciprocal discovery [1] the government has not received any discovery from the defense, and therefore cannot further speculate on what other defense strategy it may already be aware of.

The government requests that the Court set this matter for a status hearing as soon as possible.   The government has already begun meeting with potential witnesses and intends to schedule additional witness meetings throughout the holidays.   The most recent continuance was filed approximately 10 weeks prior to trial and granted approximately 7 weeks prior to trial and, with the holidays approaching, the government wishes to know what to expect as the trial date approaches so that it can inform witnesses and plan their travel.

<u>CONCLUSION</u>

For the reasons stated above, the government requests that limited information be released to it regarding the *ex parte* subpoenas served by the defense in this matter solely to facilitate the production of that information.   The government further requests a status hearing on those requests as well as their potential impact on the current status date.

---

1       The government has requested reciprocal discovery from each defendant with almost every discovery production it has made, and made a formal request for reciprocal discovery via separate letter to each defendant on March 9, 2015.

**Government's Motion Requesting for a Status Hearing - Page 6**

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY

/s/*P.J. Meitl*
P.J. MEITL
Assistant United States Attorney
District of Columbia Bar No. 502391
Virginia Bar No. 73215
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: (214) 659-8680
Facsimile: (214) 659-8812
Email: philip.meitl@usdoj.gov

/s/ *Nicole Dana*
NICOLE DANA
Special Assistant United States Attorney
Texas State Bar No. 24062268
1100 Commerce Street, Third Floor
Dallas, Texas   75242-1699
Telephone: 214-659-8694
Facsimile: 214-659-8805
Email: nicole.dana@usdoj.gov

/s/ *Chad E. Meacham*
CHAD E. MEACHAM
Assistant United States Attorney
Texas State Bar No. 00784584
1100 Commerce Street, Third Floor
Dallas, Texas   75242-1699
Telephone: 214-659-8716
Facsimile: 214-659-8727
Email: chad.meacham@usdoj.gov

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 17, 2015, I conferred with counsel for the defense.   Counsel for Defendant Stiger and counsel for Defendant Eleda stated they have no opposition to the motion.   Counsel for Defendant Veasey did not respond. Counsel for Defendant Roy stated that they would be willing to notify the Court of the government's request when it filed its motion to continue.   Government counsel indicated that it desired to have the hearing as soon as possible an did not want to wait for the promised motion.

s/ *P.J. Meitl*
P.J. Meitl
Assistant United States Attorney

## CERTIFICATE OF SERVICE

On November 18, 2015, I electronically submitted the following document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.   I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Criminal Procedure 49(b).

s/ *P.J. Meitl*
P.J. Meitl
Assistant United States Attorney

**Government's Motion Requesting for a Status Hearing - Page 8**