UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     *Plaintiff* | § | CRIMINAL DOCKET 3:12-CR-54-1 |
| | § | **HONORABLE SAM A. LINDSAY** |
| vs. | § | |
| | § | |
| JACQUES ROY, M.D. | § | |
|     *Defendant* | § | |

### DEFENDANT ROY'S RESPONSE TO THE GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY

*TO THE HONORABLE SAM A. LINDSAY*:

Defendant Roy files this motion and would show as follows:

1. Pursuant to the Court's order of December 10, 2015, Jacques Roy, M.D., filed notice of experts in this matter on January 29, 2016.

2. The disclosure outlined the identity and qualifications of the anticipated experts for Roy and the anticipated subject matter of their testimony.

3. The Government filed a motion seeking to gut the Defendant's rights under the United States Constitution and prohibit him from presenting a defense.

### RELEVANT FACTS

4. During the pendency of this case, the parties met with the Government regarding discovery. The government assembled a massive set of electronic data comprising hundreds of thousands of documents. The defendants then agreed to share a joint electronic discovery database to permit efficient review of that material by all defense counsel. Those documents include mostly items seized from the defendants as well as some information the government obtained from the Department of Health and Human Services and other governmental

agencies. The Government also agreed to produce, and in fact did produce, to the defendants so-called "memoranda of interview" and other law enforcement reports outlining their investigative activities. In return even though Roy had made no formal request for discovery, Roy agreed to produce so-called reciprocal discovery under rule 16 (b) (1) (a).[1] Informal and reciprocal production of discovery in this fashion is common in white-collar cases because it allows for judicial economy and negotiations and settlements without the need for trial; therefore, such arrangements are beneficial to both the government and the defense. The Government has sent correspondence to Counsel for Roy with each discovery production requesting reciprocal discovery under "Rule 16(b)".

5. In preparation for trial and in conducting their own investigation into the facts of this case the defense subpoenaed material both from third parties and from the Department of Health and Human Services (HHS). As the Court is aware, the process to obtain that material was convoluted and lengthy. After several hearings and months of negotiation, the defense was finally able to settle the discovery dispute with HHS and ultimately obtained the majority of the information sought.[2] Both the material sought from third parties and the material sought from HHS, have been furnished to the Government. Additionally, as a courtesy to the Government, Counsel for Roy provided the Government a comprehensive and detailed

---

[1] Rule 16 reads in relevant part ". . . (E) Documents *and Objects*. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: **(i)** the item is material to preparing the defense; **(ii)** the government intends to use the item in its case-in-chief at trial; or **(iii)** the item was obtained from or belongs to the defendant . . . (b) (B) *Expert witnesses*. The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, *if--(i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies*…" *See* FED R. CRIM. P. 16 (emphasis added).

[2] A telephone conference was conducted pursuant to an order issued by this Court. That conference call facilitated the resolution of technical issues that had previously precluded access to material produced and allowed the data to be used by the defense. Counsel understands the Court is well versed with these issues and therefore will not repeat them in this response.

timeline of events and dealings with HHS including key dates so that the Government has an appreciation of when the defense obtained what information. *See exhibit A (email between counsel with attached timeline)*.

6. Accordingly, the trial evidence in this case will consist largely of material seized or obtained by the government itself or material already turned over by Roy to the Government including third party records of home health care agencies and HHS records.

7. Discovery motions have been filed before this Court by multiple defendants, some of whom have now plead guilty and are testifying for the Government. All these motions were denied by this Court. *See generally (ECF no 453)*.

8. At no time has Defendant Roy filed a discovery motion or demanded discovery under Rule 16 (a)(1)(G) such that it would trigger the reciprocal discovery requirements of the Rule.

9. At the last pretrial conference hearing conducted by this Honorable Court, Counsel informed the Court that Roy's team is diligently moving forward with the discovery obtained from HHS. Roy's attorneys are analyzing it and are providing it to his experts. At the hearing, Counsel for Roy advised the Court and the Government that Roy would do his utmost to comply with the timeline outlined by this Court and would supplement all expert material as necessary. The significant delays and technical issues caused by HHS hindered Roy's ability to provide complete patient data to his experts, thus creating the need to supplement in the first instance.

ARGUMENT AND AUTHORITY

10. As noted above, Roy never requested any information regarding government expert witnesses; therefore, the prerequisite of Rule 16 has not been meet. ". . . *Expert witnesses.* The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the

Federal Rules of Evidence as evidence at trial, *if--(i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies*…" See FED R. CRIM. P. 16 (emphasis added).

11. The Government in its motion to the Court, cites several cases in support of its request that this Court exclude **all of the Defendant's experts and their opinions**. First, the Government argues that the *Jones* case stands for the proposition that courts "routinely exclude the proposed expert testimony." In *Jones,* the court was dealing with a particular report which the defense attempted to introduce and discuss with its expert. That report was not disclosed to the government and the court disallowed *that portion* of the testimony but did not *exclude the expert*. Furthermore, the court did not condone or accept the district court's action as correct, it only said:

    > The Appellants also contend that it was an abuse of discretion to exclude the GAO Reports as a sanction for non-compliance with Rule 16. *Any error* on this front is, like with the GAO Report's exclusion as substantive evidence, harmless. The GAO Reports had, at best, limited probative worth; moreover, there was overwhelming additional evidence of Appellants' guilt on theft of government funds (Count 12) and money laundering (Count 13), including testimony about the improper billing by area of the body and the bank records showing the money transfers from Statewide's account through subsidiaries and eventually into Jones's and Pearson's personal accounts. Therefore, the district court's exclusion of the GAO Reports is not reversible error. *United States v. Jones*, 664 F.3d 966, 975 (5th Cir. 2011)(emphasis added).

12. The Government then cites the *Mehta* case. *Mehta* was a criminal tax case in which the magistrate judge found the defendant's initial expert disclosure insufficient, a decision which was then overturned by the district court. *United States v. Mehta*, 236 F. Supp. 2d 150, 2002 (D. Mass. 2002). In *Mehta* the district court ruled that the type of information that must be disclosed under Rule 16 by the defense is very clear. The *quantity* and *specificity* required of the disclosure, however, is less so:

    > . . . As Judge Collings has noted, the scope of the disclosure required by this Rule

and Rule 16(a)(1)(E) "seems unsettled." *United States v. Wilkerson*, 189 F.R.D. 14, 15 (D.Mass. 1999); *see also* 25 Moore's Fed. Practice P 616.05[3] (Matthew Bender 3d ed. 1997) ("It is not yet clear exactly how much detail must be provided to satisfy [Rules 16(a)(1)(E) and 16(b)(1)(C)].").

*Id at* 155. The Court went on to say:

> Intuitively, discovery against a criminal defendant raises the specter of infringing the Fifth Amendment privilege against self-incrimination. While courts have upheld the basic notion of reciprocal criminal discovery on the theory that a defendant can waive the privilege in order to obtain discovery against the government, some constitutional limitations surely remain. *See Wardius v. Oregon*, 412 U.S. 470, 475 n.9, 37 L. Ed. 2d 82, 93 S. Ct. 2208 (1973) (noting inherent discovery advantages of prosecution and concluding that "if there is to be any imbalance in discovery rights, it should work in defendant's favor"); 2 Charles Alan Wright, *Federal Practice and Procedure* § 256 (3d ed. 2000).

*Id* 155-156. In conclusion, the court noted, "[s]ignificantly, the defense is under no obligation to create a competing, comprehensive accounting of [the defendant's] finances at all; it simply needs to attack the government's case. Thus, any incongruence in disclosure is simply a function of the burdens of proof in a criminal case." Id. at 156.

13. The Government cites *United States v. Duvall*, 272 F.3d 825 (7th Cir. 2001). As an initial matter, that case involves a government expert testifying in the government's case-in-chief to prove guilt, not a defense expert. Although the Circuit Court found the government's notice to have been inadequate, it declined to reverse, stating

> Nevertheless, exclusion of the testimony is not the only remedy available to the district court for a violation of Rule 16(a)(1)(E). *See* Fed. R. Crim. P. 16(d)(2); *Jackson,* 51 F.3d at 652. . . [the movants] has not provided any prejudice effect that could have been avoided by a more detailed notice, and therefore we believe the court was within its discretion in denying Duvall's motion to exclude [expert] testimony. *See United States v. Koopmans,* 757 F.2d 901, 906 (7th Cir. 1985).

*Id at* 829.

14. The Government cites *United States v. Cross*, 113 Fsupp.2d 1282, 126 ( S.D. Ind. 2000). The *Cross* case is also very distinguishable from the case before the Court. Cross sought to use one expert, an attorney, for two purposes. The court first found that the expert would be

testifying as to the ultimate question of law before the trier of fact, and ruled " . . . [the expert] may not offer an expert opinion, based upon the law of the State of Indiana. . . [t]his opinion is offered on an ultimate question of law, which encroaches upon the court's authority to instruct the jury on the law, . . . and would allow the jury to infer that it could look to [the expert] for legal guidance." *Id at* 1285. The second reason the Court excluded the expert in *Cross* was because the expert had based all or part of his opinion on what a client of the expert told him while he was representing that client on a replevin action, and was thus not rendering what is traditionally understood be be an "expert" analysis. *Id at* 1286.

15. The Government cites *United States v. Barile*, 286 Fed 749, 758 (4th Cir. 2002) for the proposition that it is not an abuse of discretion to exclude testimony of expert witnesses. However, in the *Barile* the district court did not exclude an expert; rather the court excluded certain portions of the testimony.

16. The other cases cited by the Government *United States v. Anderson-Bagshaw*, 509 Fed. Appx. 396 (6th Cir 2012) and a case cited in *Anderson-Bagshawand*, *United States v. Day* 524 F.3d 1361, 1371-72 (D.C. Cir. 2008) both address certain Rule 16 requirements that are not at issue here and discuss the standards on appeal when certain evidence is kept from the fact finder.

17. Roy would submit that striking all experts as requested by the Government would violate his right to present a defense and his right to a fair trial. The right to offer the testimony of witnesses and to compel their attendance, if necessary, is in plain terms the right to present a defense - the right to rebut the prosecution's version and give the jury the complete information it needs to render a fair verdict. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due

6

process of law. *Washington v. Texas*, 388 U.S. 14, 19 (1967).  As discussed in *Mehta*, a defendant bears no burden to create any competing version.

18. Roy has provided to the Government notice of the expert witnesses it intends to call as such notice was ordered by the Court.  Even the Court's order simply requires Roy to comply with Rule 16(b)(1)(C), and because no demand was ever made of the Government for expert disclosures, Roy has triggered no actual reciprocal obligation under Rule 16.[3]  In the spirit in which the Court's order must be read, and pursuant to the discussions undertaken at the last pretrial conference regarding supplementing notices or motions filed by the defense, Roy has filed his expert notice based upon information currently in his possession.  Roy is working with his experts in order to assess the information obtained through the discovery and subpoena processes and will provide reports to the Government as soon as they are available.  The majority of the witness for whom the Government complains it lacks reports are witnesses who were awaiting final resolution of issues with HHS.  These witnesses were only able to obtain a complete view of the evidence following assimilation of data recently produced by HHS.  Doctor Harold Haller, Doctor Gresham Bayne, Marissa Wallace, Dona Werner, M. Jan Spears, Stacey McKnight have all been awaiting the final resolution of the HHS matter and are now busily working to review data.

19. It should be noted that the Government's blanket statement that it has been "prejudiced" is quite simply hyperbole.  For example, Roy's notice advises the government that Ms. Hartman will be testifying regarding her examination of the bank records and other material *the Government has produced through its discovery process*.  Roy's notice also provides

---

[3] Unless the Court orders otherwise, an expert may state an opinion – and give the reasons for it – without first testifying to the underlying facts or data. But the expert may be required to disclose those facts or data on cross-examination.  FED. R. EVID 705.

7

information regarding what year of records she focused on, the documents to which she limited her analysis, and even the specific line items on which she will focus – expenses of Doctor Roy's business. To say the Government would be surprised or "prejudiced" by potential testimony based on the Government's own productions is "peddling fiction."

20. The Government also protests admission of the testimony of Mr. Eric Devlin, who is reviewing the government's conduct in placing a tracking device on Roy's vehicle. The Government claims it is somehow lacks specificity as to those subjects to which Devlin will testify. Again, Devlin's comprehensive curriculum vitae was provided (as it was for all experts). The notice goes on to indicate what information Mr. Devlin has reviewed – that is, the material produced by the Government related to their surreptitious monitoring of Doctor Roy's movements – and what he intends to explain through his testimony.

21. Finally, in its motion to exclude Roy's experts, the Government complains that Roy is noticing an expert who will analyze GPS data obtained by the government as a result of its attachment of a tracking device to Roy's car, even though Roy has also filed a motion to suppress such evidence. The Government cites no authority (because there is none) for the argument that a defendant may not simultaneously seek to exclude certain evidence while also preparing to rebut it. Roy's counsel cannot presume a ruling in his favor on any motion, cannot presume whether and how the Government will elect to use such evidence at trial and have an ethical obligation to prepare for contingencies. For this reason, the Government's arguments are meritless.

## PRAYER

For all the reasons set forth above, Roy prays that this Court deny in its entirety the Government's motion to exclude all of Roy's experts. Roy has not only followed the Federal Rules of Procedure, but also the spirit of this Court's order. Alternatively, Roy prays the Court allow him to supplement his notice with additional reports from his experts once they are available.

    Respectfully Submitted,
**SCARDINO & FAZEL**

/s/ Robert Scardino
Robert Scardino
TX State Bar No. 17719500

/s/ Ali R. Fazel
Ali R. Fazel
TX State Bar No. 24012611
Sweeney, Coombs & Fredericks Bldg.
1004 Congress St., 3rd Floor
Houston, Texas 77002
Telephone: (713) 229-9292
Facsimile:    (713) 229-9931

/s/ Marlo P. Cadeddu
Marlo P. Cadeddu
Law Office of Marlo P. Cadeddu, P.C.
TX State Bar No. 24028839
3232 McKinney Avenue
Suite 700
Dallas, Texas 75204
Telephone:  (214) 220-9000
Facsimile:  (214) 744-3015
Attorney for Defendant,
**JACQUES ROY, M.D.**

/s/ Ali R. Fazel
Ali R. Fazel

CERTIFICATE OF SERVICE

Ali R. Fazel certifies that a true and correct copy of this document has been served on February 9, 2016, via ECF filing to:

**P.J. Meitl**
US Attorney's Office 1100 Commerce Suite 300
Dallas, TX 75242
214/659-8680
philip.meitl@usdoj.gov

**Nicole Dana**
US Attorney's Office
1100 Commerce Suite 300
Dallas, TX 75242
214/659-8694
Fax: 214/659-8803
nicole.dana@usdoj.gov

**Chad E Meacham**
US Attorney's Office
1100 Commerce Suite 300
Dallas, TX 75242-1699
214/659-8600
Fax: 214/767-4104
chad.meacham@usdoj.gov

**Benjamin A. O'Neil**
US Department of Justice
1400 New York Ave NW
Washington, DC 20005
202/615-1272
benjamin.o'neil@usdoj.gov

**Gary C Tromblay**
US Attorney's Office
1100 Commerce Suite 300
Dallas, TX 75242
214/659-8600
Fax:214/767-4100
gary.tromblay@usdoj.gov

**John J de la Garza, III**
US Attorney's Office
1100 Commerce Suite 300
Dallas, TX 75242
214/659-8682
Fax: 214/659-8803
john.delagarza@usdoj.gov

**Jeffrey C. Grass**
Bank of America Tower
101 E Park Blvd Suite 600
Plano, TX 75074-5483
214/273-7290
Fax: 214/273-7291
jcgrass@gmail.com
**Attorney for Defendant Cynthia Stiger**

**Mark L. Watson**
Law Office of Mark L. Watson 5646 Milton St, Suite 330 Dallas, TX 75206
214/912-8181
mark@mwatson.com
**Attorney for Defendant Charity Eleda**

**Heath Hyde**
900 Jackson Street, Suite 535
Dallas, Texas 75202
903/439-0000
Fax: 903/439-0002
State Bar Card No. 00796807
heathhyde@sbcglobal.net
**Attorney for Defendant Wilbert J. Veasey, Jr.**

/s/ Ali R. Fazel
Ali R. Fazel

/s/ Robert A. Scardino
Robert A. Scardino

/s/ Marlo P. Cadeddu
Marlo P. Cadeddu

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff*<br><br>vs.<br><br>JACQUES ROY, M.D.<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§ | CRIMINAL DOCKET 3:12-CR-54-1<br>SAM A. LINDSAY |

**ORDER**

Having considered Roy's expert notice, the Government's motion to exclude all of Roy's experts, and the foregoing response, the Court is of the opinion that the Government's motion to exclude all of Roy's experts is **DENIED.**

Signed this ____ day of _____, 2016.

_____
SAM A. LINDSAY
UNITED STATES DISTRICT JUDGE